UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEAN A. CHAMBERS CAPLINGER, as Guardian of the ESTATE OF JEFFERY A. CHAMBERS, <br><br> Plaintiff, <br><br> v. <br><br> TYRONE SCOTT and WERNER ENTERPRISES, INC., <br><br> Defendants. | CAUSE NO.  1:07-CV-59 |

### OPINION and ORDER

Betty Hutt, Personal Representative of the Estate of Beth A. Hutt, deceased, filed a motion on June 10, 2008, seeking leave to intervene as a plaintiff under Federal Rule of Civil Procedure 24(b)(1)(B). (Docket # 26.)  Having considered the motion, which is apparently unopposed, as well as the attached pleading that Hutt wishes to file, I will grant the relief requested.

### BACKGROUND

Beth Hutt was the driver of a car involved in an accident on September 28, 2006, with a truck driven by Defendant Tyrone Scott, a driver for Defendant Werner Enterprises, Inc.  Jeffery A. Chambers, who is currently under a guardianship stemming from the injuries he sustained in the accident, was Hutt's passenger and the only current Plaintiff.

Chambers's case was promptly filed following the accident and was then timely removed from state court to this Court on March 21, 2007. (Docket # 2.)  The Defendants then filed their Amended Answer and Affirmative Defenses on April 17, 2007, alleging, among other things,

that both Chambers (as a party) and Hutt (as a "non-party," Ind. Code § 34-51-2-15[1]) were at fault for the accident. (Docket # 8.)

A scheduling conference was held on May 3, 2007, and the Court approved a discovery deadline of July 23, 2008. (Docket # 11.)  No dispositive motion deadline was established, and no trial date was set.

Apparently, discovery has been severely delayed by the "changing condition of Jeffrey Chambers and the seriousness of his injuries" such that it really did not get started until some initial interrogatories were answered in March 2008. (Docket # 20.)  Later, on April 17, 2008, the Court approved an unopposed motion re-setting the deadline for expert disclosures and reports and extending the discovery deadline to October 23, 2008. (Docket # 21.)  Mediation is scheduled for August 20, 2008. (Docket # 22.)

Hutt argues in her bare-bones motion that the Estate should be allowed to permissively intervene because her motion is timely, the Estate's claim shares common questions of law and fact with the main action, and the Defendants will not be prejudiced if the Estate intervenes. (Docket # 26.)  Although the motion does not say anything concerning whether Chambers's claim will be prejudiced, a factor the Court must consider under Federal Rule of Civil Procedure 24(b)(3), Chambers does nothing to raise the point either.

## DISCUSSION

There is no question that, in the words of Federal Rule of Civil Procedure 24(b)(1)(B), "[the Estate] has a claim . . . that shares with the main action a common question of law or fact."

---

[1] A nonparty is "a person who caused or contributed to cause the alleged injury, death, or damage to property, but who has not been joined in the action as a defendant." *Mendenhall v. Skinner & Broadbent Co.*, 728 N.E.2d 140, 142 (Ind. 2000) (quoting Ind. Code § 34-6-2-88).

2

Indeed, the negligence or fault of Beth Hutt, *vis-a-vis* the fault of Chambers and the Defendants, has been a central issue since the filing of the Amended Answer.

In acting on its broad discretion concerning whether to add an intervening party, however, *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In so doing, the Seventh Circuit Court of Appeals prescribes certain factors to consider: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances. *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). We will address these considerations in turn.

The first factor considers the timeliness of the motion to intervene. The purpose of the timeliness requirement "is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Id*. (internal quotation marks and citation omitted). The record does not reveal when the Estate became aware of Chambers's claim, although that alone is not determinative since the Court must examine the "totality of the circumstances." *Shea v. Angulo,* 19 F.3d 343, 348 (7th Cir. 1994) (citing *Schultz v. Connery,* 863 F.2d 551, 553 (7th Cir. 1988)).

In examining these circumstances, it is difficult to impose a more prompt filing duty on the Estate since its interests would not have been adversely affected, at least as a legal matter, by the outcome of the current case. Rather, we accept the representation of the Estate's counsel that

the motivation here is to simply avoid another lawsuit, and two trials, events that would add to the overall expense for all concerned.

Moreover, it is telling that the current parties do not argue that they will be prejudiced by the intervention; perhaps they too see the same sort of cost savings the Estate hopes to achieve. In any event, their silence is important because "in the absence of any indication of prejudice . . . the motion cannot be adjudged untimely as a matter of law." *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1027 (7th Cir. 2006).

Finally, there are also no unusual circumstances here suggesting that the motion should be denied. Chambers's condition has already resulted in a protracted delay and may cause further delays in the future. In fact, discovery was pushed back by months and remains ongoing, and as a result, there is no trial date or even a dispositive motion deadline. Mediation has also been repeatedly postponed and has yet to occur. In short, it is difficult to see how the Estate's entry into the case, even now, will effectively derail the lawsuit. *Sokaogon Chippewa Cmty.,* 214 F.3d at 949.

Moreover, since Beth Hutt is already named as a non-party, an assessment of her fault will necessarily be considered under Indiana Code § 34-51-2-7(b)(1), making it even less likely that any prejudice will befall the original parties. Indeed, the parties presumably believe (since they have not suggested otherwise) that it is preferable for the jury to have all potentially responsible parties present so a complete and global assessment of fault can be made in a comprehensive and final manner. Consequently, for all these reasons, the Motion to Intervene will be granted.

4

## CONCLUSION

The Motion to Intervene (Docket # 26) filed by Betty Hutt, Personal Representative of the Estate of Beth A. Hutt, deceased, is GRANTED, provided however, that the proposed complaint must be recast before it is filed so that it (1) properly alleges and recites the Indiana citizenship of the decedent, 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . ."), and (2) alleges that more than $75,000 is in controversy, 28 U.S.C. § 1332(a).  This matter is set for a further telephone scheduling conference on August 5, 2008, at 1:30 p.m., Fort Wayne time.  The Court will initiate the call.

Enter: July 2, 2008.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge